IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:19-CR-63 |
| CHRISTOPHER GROVER HEAD, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 30, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Ernest Gonzalez.

Christopher Grover Head was sentenced on November 30, 2012, before The Honorable Judge John H. McBryde of the Northern District of Texas after pleading guilty to the offense of Bank Fraud, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of I, was 46 to 57 months. Christopher Grover Head was subsequently sentenced to 51 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include no new credit, drug testing and treatment, alcohol abstinence, employment restrictions, restitution of $251,558.97, and a $100 special assessment. On August 25, 2015, Christopher Grover Head completed his period of imprisonment and began service of the supervision term. On May 26, 2017, the conditions of supervision were modified to

include 120 days of home detention. On February 13, 2019, jurisdiction was transferred from the Northern District of Texas to the Eastern District of Texas and assigned to The Honorable Amos L. Mazzant, III, U.S. District Judge.

On June 12, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed].  The Petition asserted that Defendant violated seven (7) conditions of supervision, as follows: (1), (3) The defendant shall not commit another federal, state, or local crime; (4) The defendant shall not unlawfully possess a controlled substance; (5) The defendant shall refrain from any unlawful use of a controlled substance; (6) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (7) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (8) if upon commencement of the term of supervised release, any part of the $251,558.97 restitution ordered by this judgment remains unpaid, the defendant shall make payment on such unpaid amount at a rate of at least $300 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day each month thereafter until the restitution amount is paid in full.  There is no allegation numbered 2 contained in the Petition; as such there are a total of seven allegations contained in the Petition.

The Petition alleges that Defendant committed the following acts: (1) On March 13, 2017, Mr. Head was arrested by Dallas Police Department for Driving While Intoxicated. On October 31, 2017, he pled Nolo Contendere and was sentenced to 12 months probation.  On November 1, 2018, a warrant was issued by Mesquite Police Department for Mr. Head for Theft of Property >= $100 < $750. According to the report, Mr. Head shoplifted items from JC Penney on October 7,

2018. Mr. Head was arrested on the warrant on May 25, 2019, by the Delta County Sheriff's Office. On May 30, 2019, Mr. head was released on bond, and the charges remain pending in Delta County; (3), (4), On May 25, 2019, Mr. Head was arrested by Delta County Sheriff's Office for Possession of a Controlled Substance PG 1 < 1G, a State Jail Felony in violation of Texas Health and Safety Code § 481.115; and Possession of Drug Paraphernalia, a Class C Misdemeanor in violation of Texas Health and Safety Code § 481.125. According to the arrest report, Mr. Head was pulled over for failing to maintain a single lane and was found to be in possession of methamphetamine and a glass pipe. On May 30, 2019, Mr. Head was released on bond, and the charges remain pending in Delta County; (5), (6) On December 6, 2016, Mr. Head submitted a urine sample which tested positive for methamphetamine. The sample was forwarded to the laboratory where the result was confirmed. On November 5, 2018, Mr. Head submitted a urine sample which tested positive for methamphetamine. He subsequently admitted to using methamphetamine and signed an admission form stating such; (7) Mr. Head failed to notify the U.S. Probation Office of his contact with Mesquite Police Department on or about November 3, 2018. Mr. Head was contacted by a detective regarding his involvement in the Theft of Property offense noted above in this petition.  Mr. Head failed to notify the U.S. Probation Office of his contact with Mesquite Police Department on April 16, 2019. According to the incident report, Mr. Head was involved in an auto accident after he passed out while driving and struck a light pole. Mr. Head failed to notify the U.S. Probation Office of his arrest in Delta County, TX, on May 25, 2019; and (8) Mr. Head failed to make payments toward the court- ordered restitution for the months of September, November, December, 2017, April, May, July, September, October, November, December, 2018, and January, February, March, and May, 2019. He has a remaining restitution balance of $238,727.44.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 6 of the Petition (for violation of Standard 10). The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegation 6, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months, with a term of supervised release of eighteen months to follow.

The Court further recommends the imposition of the following special conditions: (1) It is further ordered that you are to pay restitution totaling $251,558.97 to the victim listed in the "Restitution" section of the Presentence Report, which is due and payable immediately. Any fine/restitution amount that remains unpaid when your supervision commences is to be paid on a monthly basis at a rate of at least 10% of your gross income, to be changed during supervision, if needed, based on your changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If you receive an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) you must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed; (2) Any and all financial penalties must be made payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts,

211 West Ferguson Street, Room 106, Tyler, Texas 75702; (3) You must pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release; (4) You must not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of securities, banking, brokering, or providing financial advice, overseeing assets without the probation officer's approval; (5) You must provide the probation officer with access to any requested financial information for purposes of monitoring efforts to maintain employment and pay court-ordered restitution; (6) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; (7) You must participate in a program of testing and treatment for substance abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (8) You shall abstain from the use of alcohol.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 20th day of August, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE